## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL, ET AL.                                        CIVIL ACTION

VERSUS

CEDRIC FERGUSON                              NO.:17-00308-BAJ-SDJ

### RULING AND ORDER

Before the Court is Plaintiffs' **Motion to Confirm Default Judgment**. Jurisdiction is proper under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391. For the reasons stated herein, Plaintiffs' Motion is **GRANTED**.

## I.    BACKGROUND

### A. Plaintiffs' Allegations

Plaintiffs Eric McCall and Tyrone Wells are inmates incarcerated at the Louisiana State Penitentiary. (Doc. 1 at p. 2). Defendant is a lieutenant correctional officer formerly employed at the Louisiana State Penitentiary. (Id.). On September 15, 2016, Plaintiffs allege that Defendant was assigned to the camp in which Plaintiffs resided. (Id.). Plaintiffs allege that around 5:30 a.m., Defendant threw a slipper at Wells to wake him. (Id.). Plaintiffs allege that Defendant yelled profanities and threatened Wells. Defendant then allegedly yelled profanities at McCall. (Id. at p. 3). Plaintiffs further allege that about fifteen minutes later, Defendant returned to their camp with a pitcher of hot coffee. (Id.). Plaintiffs allege that Defendant then poured the hot coffee on them. (Id.). Plaintiffs allege that they

1

were in a four-point restraint and minimally clothed when Defendant poured the hot coffee on them.[1] (Id.). Plaintiffs assert that they sustained burns and scarring from the incident.

Plaintiffs completed both mandatory steps to exhaust their claims through the Administrative Remedy Procedure (ARP) at the penitentiary. (Id. at p. 2). Wells initiated an Administrative Remedy Procedure (ARP) and completed the second step on February 17, 2017, and McCall initiated an ARP and completed the second step on April 24, 2017. (Id.). On May 15, 2017, Plaintiffs filed this lawsuit (Doc. 1), alleging claims under 42 U.S.C. § 1983 and in the alternative, negligence against Defendant in his individual capacity.

Plaintiffs effected service of their Complaint on Defendant in compliance with Federal Rule of Civil Procedure 5. (Doc. 15). Defendant was served the Complaint through his wife on July 17, 2017 (Id.). The State declined to represent Defendant in this matter. (Doc. 34 at p. 1). Defendant never filed a response to the Complaint. On September 28, 2017, Plaintiffs filed a motion for preliminary default (Doc. 17). The Clerk of Court filed an entry of default (Doc. 19). The Court gave Defendant another opportunity to respond and ordered Plaintiffs to show cause as to why their claims should not be dismissed (Doc. 22). On September 7, 2018, the Court conducted a hearing on the confirmation of the default and ordered Plaintiffs to supplement the record with their medical records (Doc. 35).

---

[1] In a four-point restraint, an inmate's arms and legs are restrained.

## II.    LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141.  Third, a party may apply to the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered.  First, a court must consider whether the entry of default judgment is appropriate under the circumstances.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by defendant.  *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief.  *Nishimatsu Constr. Co. v.*

*Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III.  DISCUSSION

Default judgments are a drastic remedy, not generally favored by the Federal Rules and resorted to by courts only in extreme situations. *Lindsey*, 161 F.3d at 893. Defendant has failed to defend the action against him, the Clerk of Court has filed an entry of default, and Plaintiffs have filed a motion for default judgment. The Court may now consider whether Plaintiffs are entitled to a default judgment. For the Court to grant confirmation of the default judgment, it must find that the entry of default judgment is appropriate by considering the *Lindsey* factors and that Plaintiffs' pleadings provide a sufficient basis for a default judgment.

### A.  *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors.  First, there are no material facts in dispute because Defendant failed to file an answer or motion under Federal Rule of Civil Procedure 12. Second, there has been substantial prejudice because Defendant's failure to appear in this action leaves Plaintiffs with no recourse for its alleged injuries. Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. (Doc. 19). Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because Defendant has failed to respond to Plaintiffs and to the

Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment, and it has been nearly three years since the service of the Complaint with no response from Defendant. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendant. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

### B.   Sufficiency of the Pleading

#### i.    42 U.S.C. § 1983 Claim

Federal law provides a cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen… to the deprivation of any rights, privileges or immunities secured by the Constitution and laws…." 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) show that the deprivation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston,* 529 F.3d 257,260 (5th Cir. 2008). Plaintiffs have chosen to sue Defendant in his individual capacity. (Doc. 1 at p. 2). In the Complaint, Plaintiffs assert that Defendant violated their Eighth Amendment right to be free from corporal punishment and unnecessary and/or excessive force while being seized or detained by Defendant (Doc. 1 at p. 2).

The relevant factors in the inquiry of whether unnecessary and wanton infliction of pain was used in violation of a prisoner's Eighth Amendment right to be

free from cruel and unusual punishment are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) Force is excessive if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 2 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 980 F.2d 1430, 1432 (5th Cir. 1992). A prisoner need not show serious or significant injury in an excessive force claim against prison officers where the force used was unnecessary and wanton. *Hudson*, 503 U.S. at 523.

Here, the uncontroverted evidence in the record shows that there was no need for the application of force because Plaintiffs were placed in four-point restraints. Due to the restraints, the relationship between the need and the amount of forced used was very weak, no threat could be reasonably perceived by Defendant from the Plaintiffs, and there was no need to temper the severity of a forceful response from Plaintiffs. Plaintiffs' undisputed allegation that Defendant poured hot coffee on them is easily characterized as malicious or sadistic. It is also undisputed that Plaintiffs experienced blistering, peeling, and scarring on their bodies from the hot coffee.

During the hearing for the confirmation of default, Dr. Randy Lavespere, the Medical Director at the Louisiana State Penitentiary, testified that McCall sustained

burns on his chest, neck, and groin area from the incident. McCall provided testimony at the hearing consistent with the testimony of Dr. Lavespere and filed medical records evidencing his visit with Dr. Lavespere (Doc. 38). Wells also testified to having burned eyes, a burned arm, blisters, and scars on his hand. Wells estimated that it took him one month to recover but claims that he can no longer see long distances. Wells testified that he did not see Dr. Lavespere at the penitentiary after the incident; however, an emergency medical technician took pictures of his burns, then transported him to a hospital. Wells further testified that he was not prescribed any medications for his injuries and was self-treated with antibiotic cream. The record reflects that McCall was treated at the prison infirmary for two months. (Doc. 38). Wells also suffered minor scarring from the incident, but Wells did not require extensive care for his burns. Wells self-treated his burns with antibiotic cream (Id. at p. 2).

The Court finds that Plaintiffs have sufficiently pleaded a claim under § 1983 for a violation of their Eighth Amendment right to be free from cruel and unusual punishment. Although Plaintiffs' injuries are not severe, Defendant's conduct was unnecessary and wanton.  Plaintiffs have alleged a violation of a right secured by the Constitution and that the deprivation was committed by a person acting under color of state law. Plaintiffs have provided sufficient corroborating testimony and evidence of the incident and their injuries.

**ii.    Negligence Claim**

A successful claim for negligence under Louisiana law requires a plaintiff to prove: (1) the defendant had a duty to conform his conduct to a specific standard (duty); (2) the defendant's conduct failed to conform to the appropriate standard (breach); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause-in-fact); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (scope of liability); and (5) actual damages. *Fowler v. Roberts*, 556 So.2d 1, 4 (La. 1989); See *Roberts v. Benoit*, 605 So.2d 1032, 1041 (La. 1991).

Plaintiffs argue, in the alternative, that the Defendant knew or should have known that throwing hot coffee on Plaintiffs would cause personal injury. (Doc. 1 at p. 5). Plaintiffs assert that Louisiana Revised Statute 15:829 prohibits corporal punishment on inmates. (Doc. 1 at p. 3). La R.S. 15:829 addresses the discipline of inmates and provides that "corporal punishment is prohibited." Defendant's act of pouring hot coffee on Plaintiffs constituted a breach of the duty he owed to them as a prison official to refrain from using corporal punishment methods. This conduct was the cause in fact and legal cause of Plaintiffs' injuries, and it resulted in actual damages, such as burns, emotional distress, and medical expenses. The Court finds that Plaintiffs have established a successful negligence claim in the alternative.

**C.    Awards for Damages, Attorney's Fees, and Costs**

Plaintiffs request the Court to issue a judgment in the amount of $2,500 for pain and suffering, $2,500 for mental distress, and $2,500 in punitive damages in

favor of each. Plaintiffs have filed a memorandum providing case law in support of the amounts requested. (Doc. 34).

Although the injuries from the incident are not severe and the medical bills are minimal, the Court nonetheless finds that mental distress and pain and suffering occurred. Plaintiffs were in four-point restraints and minimally clothed when Defendant doused them with hot coffee. Due to the restraints, each plaintiff was forced to endure the effects of hot coffee on their own bodies and to helplessly watch Defendant attack the other. The Court finds the amounts requested for mental distress, as well as pain and suffering, are appropriate.

Plaintiffs have also requested punitive damages in the amount of $2,500 each. Punitive damages are allowed in appropriate cases under § 1983. *Hall v. St. Helena Parish Sheriff's Dept.*, 668 F.Supp. 535, 540 (M.D. La. 1987) (citing *McCulloch v. Glasgow*, 620 F.2d 47 (5th Cir. 1980)). Punitive damages may be awarded in § 1983 claims if the official conduct is "motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994). The purpose of punitive damages under § 1983 is to deter future egregious conduct in violation of constitutional rights. *Creamer v. Porter*, 754 F.2d 1311, 1319 (5th Cir. 1985). The Court finds that Defendant's conduct demonstrated reckless or callous indifference to the Plaintiffs' constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment; thus, an award of punitive damages is warranted in this case. Defendant shall pay punitive damages in the amount of $2,500 to each Plaintiff.

Plaintiffs also request an award of attorney's fees and costs. Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Attorney's fees should ordinarily be awarded unless special circumstances would render such an award unjust. *Vaughn v. St. Helena Parish Police Jury*, 192 F. Supp.2d 562, 577 (M.D. La. 2001). The Court will grant Plaintiffs' request for attorney's fees and costs in a reasonable amount. The Court notes that Plaintiffs' counsel has not yet filed proof of attorney's fees and costs incurred in this matter. Thus, Plaintiffs' counsel must submit to the Court a report in accordance with Local Rule 54.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Confirm Default Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall pay compensatory damages in the amount of $5,000.00 to each Plaintiff.

**IT IS FURTHER ORDERED** that Defendant shall pay punitive damages in the amount of $2,500.00 to each Plaintiff.

**IT IS FURTHER ORDERED** that a reasonable amount of costs and attorney's fees are awarded in favor of Plaintiffs.

Baton Rouge, Louisiana, this 23rd day of June, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**